SOUTHERN RAILWAY COMPANY *v.* BENJAMIN B. ISOM.

[45 South., 424.]

**1.** RAILROADS. *Personal injury. Employe. Practice. Reading statute of another state to jury.*

It is not reversible error in a personal injury case to permit the reading to the jury of a statute of another state in which the injury was received, although the jury has been already fully instructed as to the law of the case, and such reading might properly be forbidden.

**2.** SAME. *Contributory negligence. Sitting on brake.*

It is not negligence *per se* for a brakeman to sit on a brake of a flat car; and where the brake is a new patent which by automatic arrangement falls down when not being used, but at the time the brakeman, a minor, seats himself on it, is standing upright, and he had never been notified of its difference in construction from the standard kind in almost universal use, he is not barred of recovery for injury due to its falling down after he had ridden some distance.

**3.** SAME. *Damages. Verdict.*

Facts considered and a verdict for ten thousand dollars awarded to a brakeman for the loss of one foot and part of another, held not to be excessive.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Isom, the appellee, was plaintiff in the court below, and the Southern Railway Company, the appellant, was defendant there. From a judgment in favor of the plaintiff the defendant appealed to the supreme court.

Isom, the plaintiff, in October, 1905, while in the employ of the defendant railway company as a brakeman, was severely injured as a result of his being thrown from his seat on an upright brake of a flat-car of a moving work-train. The injury occurred in the switch-yards of the defendant railway company, adjacent to the city of Decatur, Alabama. The brake was on a flat-car of

the Georgia Southern & Florida Railroad Company, temporarily in the yards of the defendant company. It was a new invention, designed to fall automatically from an upright position when released. And it was in such upright position when plaintiff seated himself on it; and plaintiff's first knowledge that it was dissimilar to the standard, or regular, form of car-brake in customary use on defendant's trains was when it suddenly fell, after he had ridden on it for a very short distance. He was thrown upon the draw-head of the flat-car, and fell thence under the moving car wheels, losing his right foot and a portion of the left one. He was an infant at the time; although he had reached his majority when suit was brought against the company. The defendant company's defense was that of contributory negligence on plaintiff's part in his occupying such position on the brake. Whether this constituted contributory negligence was submitted to the jury, and the testimony of the witnesses was conflicting. Both sides were granted full instructions setting forth the law as to contributory negligence. Every instruction asked for by the defendant company, with the exception of a peremptory in its favor, was granted. The jury returned a verdict for $10,000 in plaintiff's favor.

On the trial, before introduction of the witnesses, counsel for plaintiff, over the objection of defendant, read to the jury Sec. 49, p. 555 (Vol. I) of the Statute-law of Alabama, relative to personal injuries. And, in argument before the jury, counsel for plaintiff used language reflecting on the alleged neglect of the company's foreman, in charge of plaintiff, in not warning plaintiff of the danger of riding on the brake; and also language to the effect that the defendant had practically attempted no real defense of the case. On appeal to the supreme court, in addition to the alleged contributory negligence of plaintiff claimed by the company, it assigned for error the action of the court in allowing the Alabama statute, above mentioned, to be read before the jury, and in allowing counsel for plaintiff, in his argument before the jury, to use the language referred to. Objection was

also made, in general terms, to the instructions granted for the plaintiff.

*Lamb & Johnston,* for appellant.

The court below erred in allowing appellee's counsel to read the Alabama statute in reference to personal injuries, to the jury. There was no proper showing that the statute thus read was the law in force in Alabama at the time of appellee's injury. It was as necessary to prove this as to prove any facts alleged in the declaration. In the absence of statutory direction to the contrary, a state or territorial court does not judicially notice the constitution or statutes of another state. 16 Cyc., 893; *Hemphill* v. *Bank,* 6 Smed. & M., 44. The prevailing rule seems to be that since foreign laws are facts, they must be proved to the jury as such, but their construction and effect are for the court. 5 Encyc. Ev., 832; *Inge* v. *Murphy,* 885. Moreover, it was bad practice to read the statute before the jury for the reason that, under our statutory procedure, no law should go to the jury except what is given by the court in its instructions. Code 1906, § 793; *Bangs* v. *State,* 61 Miss., 365.

The appellee was manifestly guilty of contributory negligence, and the court should have granted the peremptory instruction asked in its behalf by appellant. The appellee voluntarily seated himself upon the brake. There was nothing about his duties as employe requiring him to do so. He himself testified that his sitting on the brake was the cause of his injury. In the case of *Railroad Co.* v. *Daniels,* 73 Miss., 265, 14 South., 830, this court stated, "it may be conceded that but for the defective sill (cause of injury) the injury would not have resulted. The defendant, however, is not liable merely because the machinery was defective, and because its servant was thereby injured. If the cars were sufficient for the work they were supplied to perform, executed in the manner directed by the company, and the plaintiff put them to another use, or used them in

a manner not in the fair and reasonable expectation of the defendant, and in such use injury resulted, the defendant is not liable, even though the defect in the car contributed thereto." To the same effect, see *Dowell* v. *Railroad. Co.,* 61 Miss., 519; *Martin* v. *Railroad Co.,* 77 Miss., 725, 27 South., 646.

The law governing such cases as this, in Alabama, is very clearly and forcibly set forth in the case of *Warden* v. *L. & N. Railroad Co.,* 10 South., 277, wherein the court said, "there being no doubt that plaintiff's presence on the pilot of the locomotive contributed proximately to the injuries he sustained, the main question is whether his being there at the time of the accident was negligence *in se* on his part and to be so declared by the court as a matter of law. The authorities are believed to be uniform in support of the affirmative of this inquiry, and the investigations of the court and of counsel have failed to disclose a single adjudicated case to the contrary." This decision was cited by this court, with approval, in *Martin* v. *Railroad Co., supra.*

For one to assume an improper position, voluntarily or involuntarily, on a moving train constitutes contributory negligence. *Martin* v. *Railroad Co.,* 41 Fed., 125; *Judkins* v. *Railroad Co.,* 14 Atl. (Me.), 735; *Hickey* v. *Railroad Co.,* 14 Allen, 429; *Railroad Co.* v. *Ray,* 70 Ga., 674; *Doggett* v. *Railroad Co.,* 34 Ia., 274.

If the appellee, in discharging his duty to the master, had been hurt, then a very different proposition would be presented to the court. But, as the case stands, the appellee, at the time of injury, was seeking his own personal convenience. The plaintiff brought his misfortune on himself by his own recklessness, and cannot visit its consequence on another. *Dowell* v. *Railroad Co., supra.*

Although the brake may have been defective, yet appellee should not be heard to complain as to this, because by the exercise of ordinary prudence there would have been no accident.

*Railroad Co.* v. *Guess,* 74 Miss., 175, 21 South., 50; *Oil Co.* v. *Black,* 70 Miss., 10, 12 South., 26; *Railroad Co.* v. *Price,* 72 Miss., 876, 18 South., 415.

The court below erred in refusing to sustain appellant's objection to the remarks of counsel for appellee in the argument of the case.  2 Enc. Pl. & Pr., 744.

The verdict for $10,000 was clearly excessive.  Nothing less than prejudice and passion on the part of the jury could have caused the jury, in finding for the plaintiff, to assess so great an amount.  Certainly the appellant was not liable for punitive damages.

In view of the appellee's contributory negligence it was error in the court below to refuse the peremptory instruction asked by appellant, and to grant the instructions asked for by appellee.

*Young & Young,* for appellee.

This case arose in Alabama, and was determinable by the laws in force in Alabama at the time.  Hence there was no error in informing the jury in regard to the law by reading the statute. It will be noted that learned counsel for appellant do not contend that the statute in question did not cover the case.  They merely claim that there was no proper showing that the statute was in force in Alabama at the time of appellee's injury.  The courts of one state take judicial notice of the laws of another state.  6 Am. & Eng. Encyc. Law (2d ed.), 280.  Moreover the instructions granted both to appellant and appellee fully covered the law involved, and the jury were controlled by the instructions. The appellant asked for and was granted seven instructions, in fact, was granted all instructions asked for, with the exception of a peremptory charge in its favor.

Whether appellee was guilty of contributory negligence was submitted to, and decided by, the jury.  It must be borne in mind thet the appellee, when injured, was an infant of limited experience, and that in his line of employment as brakeman it was customary for him and others to sit on the brakes instead of

standing. In fact, shortly before the injury, appellant's superintendent saw appellee sitting on the brake while the car was moving, and failed to warn appellee. Had the brake been of the standard kind, appellee would not have sustained any injury. In fact, if the brake, whether of standard or other kind, had been in good repair, appellee would not have sustained his injuries.

A servant does not assume the risk of injury resulting from defects in the instrumentalities provided by the master which are not obvious. *Southern Ry. Co.* v. *Wiley,* 88 Miss., 415, 41 South., 511; *Railroad Co.* v. *Price,* 72 Miss., 862, 18 South., 415; *White* v. *Railroad Co.,* 72 Miss., 12, 16 South., 248.

It is the duty of a railroad company to inspect cars taken into its custody from another railroad company or system, and if injury results from a failure to so inspect, it will be liable therefor. *Railroad Co.* v. *Price, supra; White* v. *Railroad Co., supra.*

In the case of *L. & N. Railroad Co.* v. *Binion,* 107 Ala., 645, it was held that it was the duty of a railroad company operating hand-brakes, some of which had stiff and other limber, staffs, differing only in the sizes of the staffs—the limber staffs being inherently dangerous in the hands of inexperienced brakemen,—to warn such brakemen of the increased danger of using the more dangerous kind. To the same effect is the case of *L. & N. Railroad Co.* v. *Beach,* 20 Ky., 403. See also *Railroad Co.* v. *Grey,* 101 Fed., 623; 5 Thompson on Neg., § 5327.

The verdict was not excessive. The undisputed evidence showed that appellee sustained the loss of his right foot, three of the toes of his left foot, and that in being dragged along beneath the car-wheels the skin and flesh were severely torn on the palms of the hands. Certainly the amount did not show prejudice or passion on the jury's part in awarding the verdict.

CALHOON, J., delivered the opinion of the court

We cannot reverse the judgment in this case because the court permitted the plaintiff's attorney to read the Alabama statute.

This case arose in Alabama, and is determinable by the law of Alabama, and, while the court might very properly have forbidden the reading of that statute, and expressed the law entirely in instructions, we cannot say that permitting it to be read could have had the slightest influence on the verdict. The instructions did cover the law.

On the whole case we do not think that the objection to the instructions granted for the plaintiff should be sustained. If there is any vice in them, and we do not say there is, the learned counsel for the railway company got everything that could have been gotten for their side, and neutralized it. We are clearly of the opinion on a review of this record that there should not be a reversal because of the remarks by counsel.

The verdict was not excessive, and the court was clearly right in refusing a peremptory charge to the jury to find for the railway company. It was not contributory negligence for the brakeman to sit on the brake. We think to do so was not negligence *per se,* and there was evidence that it was a very common thing to do, and the jury determined that question. The particular brake in point was absolutely new on the railroad, and the plaintiff, a minor, had never been notified of any difference of construction. To sit on a brake of the standard kind in almost universal use cannot be negligence. It would certainly be as safe to sit there as to sit on the side of the car, wihch was simply a dirt car and without standards. As a matter of fact, even if that brake on the Georgia, Southern & Florida car was in proper order, the accident would not have occurred, because, immediately that it was released, it would have fallen flat of itself by an automatic arrangement. In the case at bar it remained upright after release.

*Affirmed.*